UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD LW HOLT,

                             Appellant,

         -against-

JPMORGAN CHASE BANK, N.A.,

                             Appellee.

Case No. 18-CV-3073 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances</u>:

Richard LW Holt
New York, NY
*Pro Se Appellant*

James Paul Berg, Esq.
Parker Ibrahim & Berg LLC
Bridgewater, NJ
*Counsel for Appellee*

KENNETH M. KARAS, United States District Judge:

      Richard Holt ("Appellant"), proceeding pro se, appeals from the March 16, 2018 Order (the "Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying his motion seeking reconsideration of its February 7, 2018 order dismissing his bankruptcy case for cause. For the reasons stated herein, the appeal is denied and the Order of the Bankruptcy Court affirmed.

      Section 1307(c) of the Bankruptcy Code provides that, "on request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter . . . for cause." 11 U.S.C. § 1307(c). That section further provides a non-exhaustive list of eleven grounds for "for cause" dismissal, including, as relevant here,

"unreasonable delay by the debtor that is prejudicial to creditors" and "failure to commence making timely payments under [11 U.S.C. § 1326]." *Id.* §§ 1307(c)(1), (4).

Here, the Bankruptcy Court found "good cause" to dismiss Appellant's bankruptcy case. (A.R. 1402.)[1] In particular, the Bankruptcy Court held:

> [Appellant] has failed to comply with 11 U.S.C. § 1307(c)(1) and (c)(4) and 11 U.S.C. § 521(i) and (e)(2)(A)(i), having created unreasonable delay that is prejudicial to creditors, in that [Appellant] failed to appear at the § 341(a) meeting of creditors, failed to remit timely proposed plan payments to the trustee, failed to provide the required documentation, in part, payment advices and evidence of other payments received within 60 days, copies of Federal and New York State tax returns for several years prior to filing; . . . is unable to confirm a plan and, further, . . . has commenced this chapter 13 case in a bad faith attempt solely to avoid foreclosure on property that [Appellant] has not claimed as an asset of the estate[.]

(*Id.*) Accordingly, the Bankruptcy Court dismissed Appellant's case. (A.R. 1403.)

On February 20, 2018, Appellant filed a motion seeking reconsideration of the dismissal order. (A.R. 1405.) The Bankruptcy Court denied the motion on March 16, 2018, holding that there is "no basis under Fed. R. Civ. P. 59, as incorporated by Fed. R. Bankr. P. 9023, to grant the relief sought . . . , which does not raise controlling decisions or factual matters that might materially have influenced the Court's earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice," and that Appellant "does not set forth a sufficient basis to vacate the Court's prior order." (A.R. 1416.) This appeal followed. (A.R. 1418.)

"A Bankruptcy Court's order dismissing a case is reviewed under an abuse of discretion standard." *Lippman v. 340 East 93rd St. Corp.*, No. 98-CV-6988, 1999 WL 97903, at *2 (S.D.N.Y. Feb. 24, 1999) (citing *In re Blaise*, 219 B.R. 946, 949–50 (2d Cir. BAP 1998) ("Use of the word 'may' [in 11 U.S.C. § 1307(c)] indicates that the decision to dismiss . . . is

---

[1] Citations to "A.R." are citations to the record on appeal, filed as an appendix to Appellee's Brief at Dkt. No. 10.

committed to the discretion of the bankruptcy court.")). "As to the factual findings that underlie that decision, an abuse of discretion is deemed to occur only when such findings are clearly erroneous," *In re Blaise*, 219 B.R. at 950, that is, where there is a "definite and firm conviction that a mistake has been committed," *Anderson v. Bessemer City*, 470 U.S. 564, 573, (1985); *see also In re Campora*, No. 14-CV-5066, 2015 WL 5178823, at *10 (E.D.N.Y. Sept. 3, 2015) ("A bankruptcy court's determination of 'bad faith' is a question of fact, and thus is reviewable under the clearly erroneous standard." (citations and some quotation marks omitted)). Accordingly, "[a] bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or where it commits a clear error of judgment." *Taub v. Adams*, No. 10-CV-2600 and No. 10-CV-2611, 2010 WL 8961434, at *4 (E.D.N.Y. Aug. 31, 2010) (citing *Blaise*, 219 B.R. at 950).

The Bankruptcy Court acted well within its discretion in dismissing Appellant's bankruptcy case for cause and subsequently denying his motion for reconsideration. By way of background, in December 2008, JPMorgan Chase ("Appellee") filed a foreclosure complaint in Connecticut state court against Appellant regarding certain real property that had previously been owned by Appellant. (A.R. 71.) In January 2015, while trial in the state-court foreclosure action was ongoing, Appellant filed his first relevant Chapter 13 petition. (*See* Appellee Br. 6 (Dkt. No. 10) (citing A.R. 395).) That petition was dismissed in June 2015 for failure to file all necessary documents. (*Id.*) Appellant filed his second such Chapter 13 petition in May 2015. (*Id.* at 6–7 (citing A.R. 405).) That petition was dismissed in September 2015 under 11 U.S.C. § 1307(c) for, among other reasons, failure to make plan payments. (*Id.* at 7.) Appellant filed the instant Chapter 13 petition in December 2016, again while trial in the state-court foreclosure action was ongoing. (A.R. 19 (citing A.R. 1).)

These were not the only such filings suggesting bad faith.  As Judge Román recently

found in a related appeal of a Bankruptcy Court order filed by Appellant against Appellee:

> [T]he record is replete with evidence of Appellant's bad faith and scheme to delay
> the underlying Connecticut state court foreclosure litigation.  This scheme has
> included multiple bankruptcy filings, frivolous notices of removal, numerous
> actions relating to the underlying debt, and multiple adversary complaints filed in
> the instant bankruptcy.

*Holt v. JPMorgan Chase Bank, N.A.*, No. 17-CV-7901, 2019 WL 192298, at *2 & n.3 (S.D.N.Y.

Jan. 15, 2019)).  (*See also* Appellee Br. 7–9 (collecting Appellant's multiple attempts at

removal); *id.* at 9–13 (collecting Appellant's multiple other filings and actions).)  These "serial

filings" permitted the Bankruptcy Court to "infer a[] [bad-faith] intent to hinder, delay, and

defraud" Appellee.  *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation and quotation

marks omitted); *see also In re Valid Value Properties, LLC*, No. 16-13299, 2017 WL 123751, at

*8 (Bankr. S.D.N.Y. Jan. 5, 2017) (dismissing Chapter 13 petition where the debtor, among other

things, "engaged in a pattern of bankruptcy filings, personally or by entities he controls, designed

for only one purpose—thwarting the efforts of [the creditor] to complete foreclosure"); *In re

Montalvo*, 416 B.R. 381, 385–86 (Bankr. E.D.N.Y. 2009) ("Debtor . . . ha[s] evinced no true

intention to reorganize [his] financial affairs under . . . the Bankruptcy Code" and has instead

"engaged in serial filings to thwart the efforts of [the creditor] to exercise its lawful rights under

state law," which is "evidence of bad faith" and evidence of an "abus[e] [of] the bankruptcy

process").  That is especially so given that many of the filings "came in close proximity to trial

days in the underlying" state-court forfeiture action.  (Appellee Br. 19.)  *See also In re

Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014) (finding that the debtor's "filings were on

the eve of significant events in the foreclosure action" and thus "permitted an inference that the

[d]ebtor is attempting to hinder or delay [the creditor's] efforts to enforce the [f]oreclosure

[j]udgment"). In short, as Judge Román concluded, Appellant "has undertaken an aggressive campaign to delay and defer the forfeiture litigation." *Holt*, 2019 WL 192298, at *2; *see also Wenegieme v. Macco*, 580 B.R. 17, 23 (E.D.N.Y. 2018) (holding that the debtor's "repeat filings, as well as his failures to provide mandatory disclosures, to appear at meetings, and to make other payments, all evince bad faith"); *Campora*, 2015 WL 5178823, at *11 ("[W]hen a bankruptcy case has been filed only for the purpose of inhibiting or forestalling a foreclosure action on the debtor's assets without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith." (citation and quotation marks omitted)).[2]

Accordingly, the Bankruptcy Court did not abuse its discretion — or, indeed, err under any standard of review — in dismissing Appellant's bankruptcy case and denying his subsequent motion for reconsideration. *See Wenegieme*, 580 B.R. at 23 ("Based on the Court's *de novo* review of this evidence [of bad faith], the Court concludes that the Bankruptcy Court correctly dismissed the case pursuant to § 1307(c)."); *see also In re Khan*, 593 F. App'x 83, 86 (2d Cir. 2015) (holding that bankruptcy court did not abuse its discretion in finding bad faith where a party's "general pattern of groundless litigation in the bankruptcy courts [was] premised not on actual disputes with the actions of trustees but rather on frivolous, obstructive objections to the bankruptcy system").

---

[2] Further, Appellant's filings in the instant appeal fail entirely to address the question of bad faith. (*See* Dkt. Nos. 9, 13.)

The Clerk of Court is respectfully directed to close this case and to mail a copy of this

Order to Plaintiff.

SO ORDERED.

Dated: February 5 , 2019
      White Plains, New York

                                 KENNETH M. KARAS
                                United States District Judge